UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| Randy Rice<br>142 Yellow Pines Ln.<br>New Stanton, PA 15672<br><br>and<br><br>Kristen Rice<br>142 Yellow Pines Ln.<br>New Stanton, PA 15672<br><br>    Plaintiff,<br><br>v.<br><br>KCA Financial Services, Inc<br>c/o Steve M. Gayheart, Registered Agent<br>1293 Herrington Rd<br>Geneva, IL 60134<br><br>    Defendant. | Case No.<br><br>Judge:<br><br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY AND OTHER EQUITABLE RELIEF**<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the district in which the events giving rise to the cause of action occurred.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff Kristen Rice ("Kristen") is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Plaintiff Randy Rice ("Randy") is Kristen's husband.

4. Defendant is a corporation doing business primarily as a consumer debt collector.

5. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

1

6. Kristen is a "consumer" as defined by 15 U.S.C. §1692a(3).

7. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

8. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

9. Plaintiffs filed this claim within the timeframe permitted under the FDCPA.

10. On or around December 13, 2007, Defendant communicated with Randy.

11. During the communication referenced in Paragraph 10, Randy informed Defendant that Plaintiffs retained an attorney for bankruptcy and provided the attorney's contact information.

12. During the communication referenced in Paragraph 10, Defendant represented to Randy that the bankruptcy laws changed and Plaintiffs' attorneys could not help them.

13. During the communication referenced in Paragraph 10, Defendant told Randy that Plaintiffs' attorneys were "ripping [Plaintiffs] off."

14. During the communication referenced in Paragraph 10, Defendant demanded that Plaintiffs set up a payment plan.

15. Before replacing the receiver and attempting to terminate the communication referenced in Paragraph 10, Randy wrote down Defendant's contact information.

16. After terminating the communication referenced in Paragraph 10, Randy lifted the telephone receiver to attempt to make a telephone call and discovered that Defendant remained on the line.

17. After Randy picked up the receiver, as referenced in Paragraph 16, Defendant began to taunt Randy and told Randy to hang up harder.

18. After Defendant's comments referenced in Paragraph 17, Randy again replaced the receiver and attempted to terminate the communication.

19. After replacing the receiver for the second time, Randy picked up the phone again but Defendant was remained on the line.

20. After learning that Defendant remained on the line despite replacing the receiver, Randy asked Defendant what he needed to do to get Defendant off of Plaintiffs' phone line.

21. In response to Randy's question referenced in Paragraph 20, Defendant told Randy that the only way to get Defendant off the phone was for Plaintiffs to make a payment.

22. During the communication referenced in Paragraph 21, Randy again notified Defendant that Plaintiffs were represented by a bankruptcy attorney.

23. During the communication referenced in Paragraph 21, Defendant again stated that Plaintiffs' attorneys were "ripping [Plaintiffs'] off".

24. During the communication referenced in Paragraph 21, Defendant threatened to file a claim in court before Plaintiffs filed their bankruptcy petition so that Defendant could take the payments from Kristen's paycheck.

25. On or around January 4, 2008, Defendant telephoned Plaintiffs.

26. During the communication referenced in Paragraph 25, Defendant spoke with Randy.

27. During the communication referenced in Paragraph 25, Defendant told Randy that there was a case pending against Kristen in the Commonwealth of Pennsylvania.

28. During the communication referenced in Paragraph 25, Randy again notified Defendant that Plaintiffs retained an attorney for bankruptcy.

29. During the communication referenced in Paragraph 25, Defendant refused to take Plaintiffs' attorney's contact information and demanded that Plaintiffs have their attorney contact Defendant.

30. During the communication referenced in Paragraph 25, Defendant threatened to press charges against Kristen unless Plaintiffs' attorney contacted Defendant in the near future.

31. On or around January 8, 2008, Defendant telephoned Plaintiffs.

32. On or around January 17, 2008, Defendant telephoned Plaintiffs.

33. During the communication referenced in Paragraph 32, Defendant taunted Randy to hang up the telephone.

34. During the communication referenced in Paragraph 32, Defendant repeatedly referred to Randy derogatorily as "big boy."

35. Defendant damaged Plaintiffs emotionally and mentally and caused substantial anxiety and stress to Plaintiffs.

36. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

37. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

38. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

39. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

40. The Defendant violated 15 U.S.C. §1692c in that it contacted Plaintiff notwithstanding the fact that Plaintiff told Defendant that Plaintiff was represented by an attorney.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

41. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

42. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

43. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

44. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

45. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

46. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

47. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

48. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

5

## COUNT SEVEN

### Invasion of Privacy by Intrusion upon Seclusion

49. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

50. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiffs.

51. Defendant intentionally caused harm to the Plaintiffs' emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

52. Plaintiffs have a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, and or private concerns or affairs.

53. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

54. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## JURY DEMAND

55. Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

56. Plaintiffs pray for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

    c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

LEGAL HELPERS, P.C.

By: */s/ Richard J. Meier*
    Richard J. Meier
    Attorney for Plaintiff
    LEGAL HELPERS, P.C.
    233 S. Wacker
    Sears Tower, Suite 5150
    Chicago, IL 60606
    Telephone: 1.866.339.1156
    rjm@legalhelpers.com